IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 06-cv-01378-BNB

SEP 2 2 2006

JOSEPH CARDEN,
     Plaintiff,

GREGORY C. LANGHAM
          CLERK

v.

MAYOR ED TAUER (Aurora City Gov.),
CHIEF OF AURORA POLICE – DANIEL OATS,
AURORA POLICE DEPT. – JOHN DOE & JANE DOE 1-100,
ARAPAHOE COUNTY COMMISSIONERS OFFICE, BERNIE ZIMMER,
MAYOR OF CENTENNIAL, RANDY PYE,
SHERIFF J. G. ROBINSON, Patrick J. Sullivan, Jr., Detention Center,
LT. MANOS,
MAIL ROOM,
CAPTAIN BAY,
LAW LIBRARY, SHEILA CLARK,
CHIEF LAUDERDALE,
CORRECTIONAL HEALTH MANAGEMENT, ELAINE MEYERS H.S.A.,
DR. SOLIS,
DR. SCHLEGEL,
NURSE TIM,
NURSE LAURA,
ARAPAHOE COUNTY DISTRICT ATTORNEY'S OFFICE, CAROL CHAMBERS, JOHN
     DOE & JANE DOE 1-200,
ARAMARK FOOD SERVICE,
EDDIE CILMER, Arapahoe Food Service,
MAURICE WOMACK, Arapahoe Food Service,
JANE STADDISH, Dietician, Arapahoe Food Service,
AURORA CANINE UNIT, and
ARAPAHOE COUNTY PUBLIC DEFENDER'S OFFICE, JOHN DOE & JANE DOE 1-
     100,
     Defendants.

---

## ORDER ALLOWING PLAINTIFF TO PROCEED
## WITHOUT PAYMENT OF INITIAL PARTIAL FILING FEE

---

On August 23, 2006, the court granted Plaintiff leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(1), the court ordered

Plaintiff either to pay an initial partial filing fee of $8.00 or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. On September 19, 2006, Plaintiff submitted a certified copy of his inmate trust fund account statement showing that the available balance in his account as of September 11, 2006, is $3.43. The financial affidavit previously filed by Plaintiff reveals no other assets.

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the action is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because he has demonstrated that he has no assets and no means by which to pay the initial partial filing fee, Plaintiff will be allowed to proceed in this action without payment of the initial partial filing fee designated in the court's August 23 order. The court will proceed to review the complaint pursuant to § 1915(e)(2)(B). However, although he may proceed without payment of an initial partial filing fee, Plaintiff remains obligated to pay the full $350.00 filing fee through monthly installments as directed in the court's August 23 order and reiterated below. Accordingly, it is

ORDERED that Plaintiff may proceed in this action without payment of the initial partial filing fee designated in the court's August 23, 2006, order because he has shown cause why he has no assets and no means by which to pay an initial partial filing fee.

Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1).  It is

FURTHER ORDERED that until the $350.00 filing fee is paid in full, Plaintiff shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment.  Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order.  In order to show cause, Plaintiff must file a current certified copy of his trust fund account statement.  It is

FURTHER ORDERED that if Plaintiff fails to have the appropriate payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice.  It is

**FURTHER ORDERED that the court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt the plaintiff may owe in a prior action or actions if the plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED September 22, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01378-BNB

Joseph Carden
Prisoner No. 0603101
Arapahoe County Det. Facility
P.O. Box 4918
Englewood, CO 80155

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _9-22-06_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk