IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01378-BNB

JOSEPH CARDEN,

    Plaintiff,

v.

MAYOR ED TAUER (Aurora City Gov.),
CHIEF OF AURORA POLICE – DANIEL OATS,
AURORA POLICE DEPT. – JOHN DOE & JANE DOE 1-100,
ARAPAHOE COUNTY COMMISSIONERS OFFICE, BERNIE ZIMMER,
MAYOR OF CENTENNIAL, RANDY PYE,
SHERIFF J. G. ROBINSON, Patrick J. Sullivan, Jr., Detention Center,
LT. MANOS,
MAIL ROOM,
CAPTAIN BAY,
LAW LIBRARY, SHEILA CLARK,
CHIEF LAUDERDALE,
CORRECTIONAL HEALTH MANAGEMENT, ELAINE MEYERS H.S.A.,
DR. SOLIS,
DR. SCHLEGEL,
NURSE TIM,
NURSE LAURA,
ARAPAHOE COUNTY DISTRICT ATTORNEY'S OFFICE, CAROL CHAMBERS, JOHN
    DOE & JANE DOE 1-200,
ARAMARK FOOD SERVICE,
EDDIE CILMER, Arapahoe Food Service,
MAURICE WOMACK, Arapahoe Food Service,
JANE STADDISH, Dietician, Arapahoe Food Service,
AURORA CANINE UNIT, and
ARAPAHOE COUNTY PUBLIC DEFENDER'S OFFICE, JOHN DOE & JANE DOE 1-
    100,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 27 2006

GREGORY C. LANGHAM
CLERK

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Joseph Carden is confined at the Arapahoe County Detention Facility

(ACDF) in Centennial, Colorado. Mr. Carden has filed *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Carden is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Carden will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that it is deficient because Mr. Carden fails to allege specific facts that demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights. Mr. Carden asserts seven claims for relief. The first claim is an excessive force claim against the Aurora police officers who arrested Mr. Carden on March 1, 2006. Mr. Carden asserts two claims that relate to a criminal case that apparently is pending against him in state court. The remaining four claims challenge the conditions of Mr. Carden's confinement at the ACDF. Although Mr. Carden lists the names of various Defendants in connection with each of the claims he asserts, he fails to allege specific facts to demonstrate how each of the Defendants actually violated his constitutional rights. Therefore, Mr. Carden will be ordered to file an amended complaint.

Mr. Carden is advised that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Carden should name as Defendants in the amended complaint only those individuals or entities that he believes actually violated his constitutional rights. Furthermore, personal participation is

2

an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Carden must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Carden also must clarify in the amended complaint he will be ordered to file how he has exhausted administrative remedies for each of his claims that relate to the conditions of his confinement. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Carden must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Section 1997e(a) also imposes

a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Carden has not exhausted administrative remedies for each of his prison condition claims and all of the issues raised in each of those claims, the entire complaint must be dismissed.

Mr. Carden has not submitted copies of any administrative grievances to demonstrate exhaustion of administrative remedies. He does allege that he has exhausted administrative remedies. In support of this allegation he alleges "I would ask that all copies and receipts and dictations from medical, food service, and all other dept. as provided with Court order. The grievance system at Arapahoe County is inadequate. Requesting all copies of police reports and court order of hospital records." (Prisoner Compl. at 25.) This explanation does not satisfy the requirement that Mr. Carden describe with specificity how he has exhausted administrative remedies for each of his prison condition claims and all of the various issues he raises in the prison condition claims. Mr. Carden's conclusory allegation that the grievance system is inadequate, without any specific details describing his efforts to exhaust administrative remedies and explaining why the grievance system is inadequate, also does not demonstrate a lack of available administrative remedies.

Finally, Mr. Carden is reminded that he must submit sufficient copies of his amended complaint to serve each named Defendant. Therefore, if Mr. Carden lists twenty Defendants in his amended complaint, he must submit the original amended complaint to the court with twenty copies to be served on the Defendants. Accordingly, it is

ORDERED that Mr. Carden file **within thirty (30) days from the date of this**

**order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Carden, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Carden fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED September 27, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01378-BNB

Joseph Carden
Prisoner No. 0603101
Arapahoe County Det. Facility
P.O. Box 4918
Englewood, CO 80155

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 9/27/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk